Laura Franzo
9750 Sunshine Lane
Concord, NC 28027
704-491-2746
pbjl22@hotmail.com
Pro Se Plaintiff

Hand-Delivered

FILED
CHARLOTTE, NC

AUG 27 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:24-cv-782-GCM

Laura Franzo,
Plaintiff,
v.
Marriott International, dba Charlotte Marriott City Center,
Defendant.

Case No.:

COMPLAINT FOR WRONGFUL TERMINATION

INTRODUCTION

    1.    I, Laura Franzo, am a former employee of Marriott International, dba Charlotte Marriott City Center, and I bring this action pro se for wrongful termination based on age discrimination, retaliation, violation of fair labor standards, harassment, and defamation of character.

JURISDICTION AND VENUE

    2.    Jurisdiction is proper under federal employment laws including the Age Discrimination in Employment Act and the Fair Labor Standards Act.
    3.    Venue is proper in this district as the Defendant operates its business within this jurisdiction and the events giving rise to these claims occurred here.

PARTIES

    4.    Plaintiff, Laura Franzo, is a resident of Concord, North Carolina, and was employed by the Defendant from July 21, 2016, until the wrongful termination on March 15, 2024.
    5.    Defendant Marriott International, doing business as Charlotte Marriott City Center, is a corporation with its principal place of business located in this district.

FACTUAL ALLEGATIONS

    6.    Plaintiff was employed by Defendant starting July 21, 2016, as a server, later moved to the bar area, where she was paid less than other bar staff members for similar work, highlighting discriminatory practices based on age.
    7.    Defendant often required Plaintiff to break ABC/ALE laws by serving alcohol to customers when food was not available, violating the law that mandates 30% of sales must come from non-alcoholic beverages and food. Plaintiff was forced to work and sell alcoholic drinks even on days when this legal requirement was not met.
    8.    Throughout her employment, Plaintiff was often placed in unsafe working conditions, where she was required to handle security issues herself due to inadequate support from Defendant. This includes multiple occasions where Plaintiff had to remove homeless people and intoxicated guests because management and security were not available.
    9.    On one significant occasion, a guest was assaulted by a homeless person whom Plaintiff had previously removed from the bar. Despite seeking help to remove the individual from the property, the assault occurred later that evening due to the absence of management and security. This incident led to a lawsuit against Marriott, and Plaintiff believes her termination was in part to discredit her as a potential witness.
    10.    Plaintiff was subjected to multiple unjustified write-ups by management, which were consistently rejected by Human Resources for having no merit. Plaintiff believes this was retaliation by management for reporting violations and concerns, including OSHA violations, missing liquor and wine, and for reporting management's lack of upholding policies and procedures.

11. Plaintiff was also subjected to harassment at work by management and coworkers alike. Despite reporting these issues to management, they were not adequately addressed, and the harassment continued. According to the Marriott Management Handbook, "You are entitled to a professional work environment free from harassment, including sexual harassment, and retaliation. You are expected to avoid any conduct that may be perceived as harassment or create a hostile working environment for others. Treat one another with dignity and respect." Despite these policies, Plaintiff faced ongoing harassment and hostile treatment in the workplace.

12. Plaintiff was unlawfully terminated on March 15, 2024, officially for "falsifying company records." The accusation was claimed to be based on multiple occasions, yet only one instance was formally cited. This incident was alleged to have occurred on March 2, 2024, and according to Marriott's policy, it should have been addressed within 7 days. It was not addressed until March 12, 2024, which is 3 days past the policy deadline. Furthermore, between the date of the alleged incident and when it was finally addressed, Plaintiff worked an additional 7 shifts, underscoring the lack of urgency and procedural inconsistency in handling the accusation, which suggests that the termination was pretextual.

13. Marriott International states, "Marriott International's commitment to diversity and inclusion ensures a supportive and inclusive work environment for all employees." However, the actions taken against Plaintiff, including her termination, demonstrate a failure to uphold these core values, suggesting that the purported commitment to diversity and inclusion may not extend to all employees, particularly in regard to age and safety concerns.

CLAIMS FOR RELIEF

14. Age Discrimination
Plaintiff alleges discrimination on the basis of age, as evidenced by being moved to less desirable positions and paid less than younger counterparts, in violation of the Age Discrimination in Employment Act.

15. Retaliation
Plaintiff alleges retaliation for her efforts to report and rectify unsafe working conditions, policy violations, and other conduct that endangered herself and fellow employees, in violation of whistleblower protections and employment laws.

16. Violation of Fair Labor Standards Act (FLSA)
Plaintiff alleges violations of the FLSA, which include being forced to work through breaks without compensation.

17. Harassment
Plaintiff alleges that the conduct she was subjected to by management and coworkers constitutes harassment, violating both federal law and Marriott's own policies.

18. Defamation of Character
Plaintiff alleges that the false accusations and charges of falsifying company records were made with malicious intent, damaging her reputation and professional standing, which constitutes defamation of character.

PRAYER FOR RELIEF

19. Plaintiff seeks an order for reinstatement to her former position or equivalent.
20. Compensation for lost wages, benefits, and other earnings.
21. Damages for emotional distress and punitive damages to deter similar conduct by the Defendant in the future.
22. Legal fees and costs associated with this action.
23. Any other relief the Court deems just and proper.

DEMAND FOR JURY TRIAL

24. Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

08/27/2024

Laura Franzo

*[signature]*