IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24cv782-GCM

| LAURA FRANZO, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MARRIOTT INTERNATIONAL, INC., | ) | |
| dba CHARLOTTE CITY CENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon the Defendant's Motion for Extension of Time to File Responsive Pleadings and Opposition to Plaintiff's Motion for Default. (Doc. No. 10). The Plaintiff has filed a response in opposition. (Doc. Nos. 11 and 13). Defendant has filed a Notice that it does not intend to file a Reply. Accordingly, this matter is ripe for disposition.

The pro se Plaintiff filed her Complaint on August 27, 2024, alleging "wrongful termination based on age discrimination, retaliation, violation of fair labor standards, harassment, and defamation of character." (Doc. No. 1). The Court issued two summonses, one to "Marriott Charlotte City Center" with an address of 100 W. Trade Street, Charlotte, NC 28202, and the other to "Marriott International, Inc." with an address of 10400 Fernwood Rd., Bethesda, MD 20817. According to Defendant, "Marriott Charlotte City Center" is a business name used by the Marriott hotel located at 100 W. Trade St. Charlotte, NC 28202, but is not a separate legal entity. Moreover, Marriott International, Inc. has not operated at the Fernwood Road address since 2022. Plaintiff personally mailed copies of the Complaint and each respective summons to the addresses listed on each summons. *See* Doc. No. 8. Neither address was the office of the registered agent, or any officer, director or managing agent of the Defendant registered in North

Carolina. However, Marriott International, Inc. eventually received the summons and Complaint on October 9, 2024, after it was returned to the post office.

Defendant alleges that there were initial questions about whether any Marriott entity had been properly named as a party or properly served. Due to the confusion surrounding the receipt of the summons and complaint after it was returned to the post office, Defendant states that a response deadline was incorrectly calendared by outside counsel. Once the mistake was discovered, counsel called Plaintiff to request an extension to respond. Plaintiff refused to consent.

Rule 6 of the Federal Rules of Civil Procedure allows the Court to extend a deadline after the expiration of that deadline for good cause if the delinquent party has failed to act because of excusable neglect. In an instance of an omission by counsel, a district court balances the equities of all relevant circumstances surrounding the omission, including "the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 260 (4th Cir. 2008) *citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). Ultimately, a district court may properly exercise its discretion to find excusable delay in the absence of "evidence of prejudice to [Plaintiff] or to judicial administration…, or any indication at all of bad faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 398.

The Court is persuaded that Defendant has acted in good faith and that Plaintiff will suffer no prejudice by allowing the extension. Plaintiff will have an opportunity to litigate her case fully, and the short delay will have no impact on Plaintiff's ability to assert her claims, engage in discovery, or corral evidence. Moreover, as no scheduling order has been entered, any

delay does not impact any court proceedings. Given the confusion surrounding the named entities and the addresses used on the summonses, the Court finds that the circumstances surrounding the delay supports granting a brief extension due to excusable neglect.

Accordingly, for good cause shown,

IT IS THEREFORE ORDERED that Defendant's Motion for Extension of Time to File Responsive Pleadings (Doc. No. 10) is hereby GRANTED, and Defendant shall file its responsive pleading no later than January 10, 2025.

IT IS FURTHER ORDERED that Plaintiff's Motion for Entry of Default (Doc. No. 9) is hereby DENIED.

Signed: December 30, 2024

Graham C. Mullen
United States District Judge